UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Medica Self-Insured and Barbara Kos,   Civil No. 06-4747 (DWF/AJB)

Plaintiffs,

v.                                      MEMORANDUM
                                        OPINION AND ORDER
Tenet Healthcare Corporation,

Defendant.

---

Courtney M. Rogers Reid, Esq., Kevin D. Hofman, Esq., and Nicole J. Druckrey, Esq., Halleland Lewis Nilan & Johnson PA, counsel for Plaintiffs.

Jeffrey R. Ansel, Esq., and Justice Ericson Lindell, Esq., Winthrop & Weinstine, PA, and Mary M. Ferry, Esq., and Michael R. Phillips, Esq., Frilot Partridge, LC, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) brought by Defendant Tenet Healthcare Corporation ("Tenet"). In the Complaint, Plaintiffs allege two causes of action: (1) declaratory judgment pursuant to 28 U.S.C. § 2201(a); and (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

In January 2003, Plaintiff Barbara Kos, a breast-cancer survivor, received breast reconstruction surgery at Memorial Medical Center ("Memorial") in New Orleans,

Louisiana. Tenet owned Memorial until August 2006. Memorial subsequently billed Kos $95,842 for services rendered. In July 2004, Memorial readmitted Kos for breast and nipple reconstruction surgery and subsequently billed Kos $47,223.55 for services rendered. At the time Kos received these services, she was insured under an Allina health plan of which Medica was the third-party administrator. Medica researched the pricing for Kos's treatment and determined that the charges were inflated.

From February 2005 through August 2006, Kos received telephone calls from representatives of Memorial regarding the outstanding bills. Although these representatives initially identified themselves as calling for Memorial, they later identified themselves as calling from an entity called "Central Financial Control" ("CFC"). Kos told these representatives to contact her attorneys regarding the bills.

In addition to the phone calls, Kos also received medical bills on March 15, 2005, and April 26, 2005, for charges incurred for the January 2003 and July 2004 services performed at Memorial. Each of these bills contained the Tenet logo. On October 31, 2005, Kos received another bill that looked the same as the earlier bills, but the October 31 bill was sent from CFC.

In response to the letters and bills, Kos's attorney tried to speak with the collection representatives to resolve the outstanding charges. In November 2005 and August 2006, Plaintiffs' attorneys spoke with CFC representatives. During these conversations, the representative told Kos's attorneys that CFC required Kos to complete an authorization before CFC would speak with the attorneys about the bills. The representative provided

the attorney with a form titled "Tenet Healthcare Corporation . . . Authorization to Use and Disclose Protected health Information" to forward to Kos for her signature. During the November 2005 conversation, the representative told Kos's attorney that CFC was "Tenet's collection department." (Compl. ¶ 60.) Additionally, a representative called Kos in August 2006 and told her that CFC was "closely affiliated" with Tenet. (Compl. ¶ 75.) A CFC representative also faxed an offer to reduce the remaining charges. The fax cover sheet for that offer contained the Tenet logo.

In December 2006, Plaintiffs initiated this lawsuit, alleging that the charges for the services provided by Memorial are unreasonable. Plaintiffs request that the Court declare under 28 U.S.C. § 2201(a) that they are not liable for "anything more than $6000 for services and supplies provided by Memorial in January 2003." (Compl. ¶ 92.) Additionally, Plaintiffs allege that Tenet violated the FDCPA. Tenet now brings this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Tenet is not a proper defendant in this case.

## DISCUSSION

### I.  Standard of Review

A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Porous Media Corp. v.. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable

inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. School Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

## II.  Declaratory Judgment Claim

Tenet asserts that Plaintiffs have no cause of action against Tenet for purported overcharges. In particular, Tenet contends that Plaintiffs have sued the wrong party. Tenet points out that it did not provide medical services to Kos, nor has it asked her or her insurer to pay for such services. Tenet contends that it is a matter of public record that Plaintiffs cannot prove any set of facts that would entitle them to relief on their claims. Tenet requests that the Court take judicial notice under Federal Rule of Evidence 201 of the official records of its corporate status and that of its wholly-owned subsidiaries. Tenet contends that these records establish that Tenet is an entirely separate legal entity from Memorial and CFC. Specifically, these records show that Memorial and CFC are wholly-owned subsidiaries of Tenet Louisiana, Inc. and that Tenet Louisiana, Inc., is a wholly-owned subsidiary of Tenet Hospitals, Inc. Further, these records show that Tenet Hospitals, Inc., is a wholly-owned subsidiary of Tenet. Because Tenet and CFC are

4

separate entities and because Plaintiffs have not alleged any veil-piercing cause of action or any facts that could support piercing the corporate veil, Tenet asserts that the Court should dismiss this count.

In response, Plaintiffs contend that the facts pled in the Complaint suffice to show that Tenet is a proper party. Plaintiffs do not object to Tenet's request that the Court take judicial notice of the official records it submitted. Rather, Plaintiffs contend that Tenet's evidence of separate corporate structures does not overcome the Complaint's allegations that Kos received medical bills with Tenet's logo, that CFC representatives stated that they were "Tenet's collection department," "closely affiliated with Tenet," and that CFC sent a settlement offer with a "Tenet" fax sheet.

Assuming all facts alleged in the Complaint as true and construing all reasonable inferences from those facts in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs can prove a set of facts to support their claim that Tenet is a properly named defendant. Here, Plaintiffs allege in the Complaint that CFC was Tenet's collection department and that Kos received medical bills with Tenet's logo. Evidence of Tenet's corporate structure raises a factual issue about which Tenet entity is liable.

## III. FDCPA Claim

Next, Tenet asserts that Plaintiffs have no cause of action against it under the FDCPA. The FDCPA prohibits "debt colletor[s]" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA defines a "debt collector" as "any person who uses any

5

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Although creditors are generally not subject to the FDCPA, a creditor becomes subject to the FDCPA under the "false name" exception if the creditor "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

A creditor uses a name other than its own when "it uses a name that implies that a third party is involved in collecting its debts, 'pretends to be someone else' or 'uses a pseudonym or alias.'" *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (citations omitted). Whether the FDCPA is triggered depends on whether, under an objective standard, the "least sophisticated consumer" would have the false impression that a third party was collecting the debt. *Id.* at 236; *Lester E. Cox Medical Centers v. Huntsman*, No. 003276CVSDWECF, 2003 WL 22004998, *8 (W.D. Mo. Aug. 5, 2003) (applying least-sophisticated-consumer standard), *aff'd*, 408 F.3d 989, 992–93 (8th Cir. 2005).

Plaintiffs concede that Tenet is a creditor, but assert that Tenet is subject to the FDCPA under the "false name" exception to the FDCPA. Specifically, Plaintiffs contend that Tenet is subject to the FDCPA because, according to Plaintiffs, Tenet used a name other than its own to try and collect the debt owed Memorial. Plaintiffs contend that after

Tenet's bills went unpaid, Tenet sent bills through CFC and had CFC representatives call Kos.  Further, Plaintiffs contend that CFC's bill did not reflect CFC's relationship with Tenet and that CFC was not forthcoming about its true affiliation with Tenet.

In response, Tenet asserts that Plaintiffs have no cause of action against it under the FDCPA for several reasons.  First, Tenet asserts that the Complaint does not allege that Tenet has tried to collect Memorial's debt.  Second, even assuming that it had, Tenet contends that it is not a "debt collector" under the FDCPA as a matter of law because no evidence exists that Tenet's "principle purpose" is the "collection of any debts;" or that it "regularly collects or attempts to collect . . . debts owed . . . another."  *See* 15 U.S.C. § 1692a(6).  Third, Tenet contends that the "false name" exception is inapposite to the proper party issues presented and cannot transform Tenet into an FDCPA debt collector.

Assuming all facts in the complaint to be true and construing all reasonable inferences from those facts in the light most favorable to Plaintiffs, the Court finds that the Complaint does not contain sufficient allegations to show that Tenet is a "debt collector" under the FDCPA.  Here, Plaintiffs do not allege in the Complaint that Tenet has tried to collect Memorial's debt.  Further, Plaintiffs do not allege that Tenet's principle purpose is the collection of any debts or that it regularly collects or attempts to collect debts owed or due another.

Finally, Tenet is not a "debt collector" under the "false name" exception.  Here, Plaintiffs allege in the Complaint that CFC representatives told Plaintiffs' attorney that it was "Tenet's collection department."  (Compl. ¶ 60.)  Further, CFC representatives told

7

Kos that CFC was "closely affiliated" with Tenet. (Compl. ¶ 75.) Moreover, CFC required Kos to complete an authorization titled, "Tenet Healthcare Corporation . . . Authorization to Use and Disclose Protected Health Information," before CFC would speak with Kos's attorneys about the charges. (Compl. ¶ 62.) A CFC representative also faxed an offer to reduce the remaining charges and the fax cover sheet contained the Tenet logo. Based on these allegations, a consumer would not be deceived into believing that CFC was an unrelated third party from Tenet under the least sophisticated consumer standard. Accordingly, the Court dismisses Plaintiffs' FDCPA claim for failure to state a claim.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that**:**

1. Defendant's Motion to Dismiss (Doc. No. 2) is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. Defendant's Motion to Dismiss Plaintiffs' claim for declaratory judgment pursuant to 28 U.S.C. § 2201(a) (Count I) is **DENIED**.

   b. Defendant's Motion to Dismiss Plaintiffs' claim for violation of the FDCPA (Count II) is **GRANTED**.

2. Count II of the Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

Dated: May 4, 2007                    s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      Judge of United States District Court